IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARVETTE WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV201 |
| | ) | |
| and | ) | |
| | ) | |
| **ALANA CRUTCHER-SANCHEZ,** f/k/a Alana Smith, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV288 |
| | ) | |
| vs. | ) | |
| | ) | |
| **COUNTY OF DAKOTA, NEBRASKA, and RODNEY HERRON, in his individual capacity,** | ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion to Dismiss Rodney Herron in His Official Capacity and to Amend Case Caption (Filing No. 196 in Case 8:09CV201; Filing No. 197 in Case 8:09CV288); Objection to and Motion to Strike Plaintiff's Supplemental Expert Designation (Filing No. 198 in Case 8:09CV201; Filing No. 199 in Case 8:09CV288); and Rodney Herron's (Herron) Motion to Bifurcate (Filing No. 202 in Case 8:09CV201; Filing No. 203 in Case 8:09CV288); and the plaintiffs' Motion to Consolidate (Filing No. 205 in Case 8:09CV201; Filing No. 211 in Case 8:09CV288). The court will address the defendant's, County of Dakota, Nebraska (the County) Motion to Amend Protective Order (Filing No. 207 in Case 8:09CV288) in a separate order. The court held a telephone conference on November 14, 2012, to discuss the motions. Kodi A. Brotherson and Thomas J. Duff represented the plaintiffs, Charvette Williams (Williams) and Alana Crutcher-Sanchez (Crutcher-Sanchez). Vincent Valentino and Brandy Johnson represented the defendant, the County of Dakota, Nebraska. Charles W. Campbell represented the defendant, Rodney Herron, in his individual capacity.

**BACKGROUND**

These cases concern the plaintiffs' sexual harassment claims against the defendants in violation of 42 U.S.C. § 1983. **See** Filing No. 59 - Complaint in Case 8:09CV201; Filing No. 45 - Complaint in Case 8:09CV288. The plaintiffs allege the defendants discriminated against the plaintiffs by establishing, maintaining, and enforcing policies which created or fostered a sexually hostile work environment. **See** Filing No. 59 - Complaint in Case 8:09CV201; Filing No. 45 - Complaint in Case 8:09CV288.

**ANALYSIS**

**A.     The defendants' Motion to Dismiss Rodney Herron in His Official Capacity and to Amend Case Caption.**

The defendants move this court to dismiss Herron in his official capacity because it is equivalent to, and redundant of, the plaintiffs' claims against the County. **See** Filing No. 196[1]. The plaintiffs do not resist the defendants' motion. **See** Filing No. 201. Therefore, Herron, in his official capacity, is dismissed from these cases and the caption of these cases shall so reflect.

**B.     The defendants' Objection to and Motion to Strike Plaintiff's Supplemental Expert Designation.**

On June 3, 2011, the plaintiffs designated Louise F. Fitzgerald, Ph.D. (Dr. Fitzgerald), as an expert witness and served initial disclosures of her opinions. **See** Filing No. 152; Filing No. 199-1 - Dr. Fitzgerald Affidavit (affidavit). On December 1, 2011, during the stay due to the defendants' appeal to the Eighth Circuit, the plaintiffs served the Plaintiff's Supplemental Designation of Expert Witness, Dr. Fitzgerald's opinions. **See** Filing No. 185; Filing No. 199-2 - Dr. Fitzgerald's Supplemental Report (report). The defendants initially filed an objection to the notice. **See** Filing No. 186. The court entered a Text Order ordering the defendants to re-file the objection, if the issue was not resolved, after resolution of the defendants' appeal. **See** Filing No. 187 - Text Order.

---

[1] Unless otherwise noted the court will only cite to documents filed in 8:09CV201.

After appeal, on October 25, 2012, the defendants re-filed the Objection (Filing No. 198). The defendants filed an affidavit (Filing No. 199) in support of the Objection. The plaintiffs filed a response (Filing No. 208) and brief (Filing No. 209) in opposition. The defendants filed a reply (Filing No. 213) in support of the Objection.

The defendants argue the plaintiffs should not be permitted to utilize the late-disclosed information because the deadline for all disclosures pertaining to expert witnesses was May 31, 2011. *See* Filing No. 198. The defendants argue Dr. Fitzgerald's report is not supplemental because it discusses different material from Dr. Fitzgerald's affidavit. *See* Filing No. 213 - Reply p. 1-3. The defendants argue Dr. Fitzgerald states, for the first time in the report, her opinions regarding the adequacy of the County's policies and training are supported by various social science articles and secondary sources, which were previously undisclosed in the affidavit or during Dr. Fitzgerald's deposition. *Id.* at 5. The defendants also argue, although we need not address the admissibility of Dr. Fitzgerald's opinion at this juncture, the strong likelihood of a successful **Daubert** challenge to Dr. Fitzgerald's opinions weigh in favor of striking the report as untimely. *Id.* at 17. Lastly, the defendants argue the late-disclosed report is prejudicial because the defendants will incur expense in re-deposing Dr. Fitzgerald and potentially hiring another expert to analyze Dr. Fitzgerald's report. *Id.* at 13. The defendants argue if the report is not stricken the defendants should be permitted to re-depose Dr. Fitzgerald at the plaintiffs' expense. *Id.* at 18.

The plaintiffs argue Dr. Fitzgerald's report is fully within the scope of the affidavit as well as Federal Rule of Civil Procedure 26. *See* Filing No. 209 - Response p. 4. The plaintiffs argue the report does not change Dr. Fitzgerald's opinion or alter her deposition testimony. *Id.* at 5. The plaintiffs argue even if the court determines the report is not supplemental, the report should not be stricken because the defendants are not prejudiced and the report is essential to the plaintiffs' cases. *Id.* at 6. The plaintiffs argue the defendants have been aware of the report for almost an entire year and there are no deadlines or trial dates established in these cases. *Id.*

"For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information

given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). A supplemental report's purpose is to "inform the opposing party of any changes or alterations." *Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999). "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B), 26(e).

The court finds Dr. Fitzgerald's report qualifies as a supplemental report. The affidavit states Dr. Fitzgerald was retained as an expert "to opine concerning the adequacy of the [County's] sexual harassment prevention and remediation programs." **See** Filing No. 199-1 - Affidavit. In the affidavit Dr. Fitzgerald concludes the County's sexual harassment policies, the County's sexual harassment training programs, and the employees' access to information were deficient. *Id.* Dr. Fitzgerald's report supplements these opinions expressed in the affidavit and explains how such deficiencies affect the work environment. **See** Filing No. 199-2 - Report. Therefore, the defendants' objection is overruled and the motion is denied. However, in order to avoid any prejudice to the defendants, the defendants are permitted to re-depose Dr. Fitzgerald at the plaintiffs' expense.

**C.   Herron's Motion to Bifurcate**.

The defendant, Herron, filed a Motion to Bifurcate (Filing No. 202) the plaintiff's individual capacity claims against Herron from the plaintiffs' claims against the County. Herron filed a brief (Filing No. 204) and an index of evidence (Filing No. 203) in support of the motion. The plaintiffs filed a brief (Filing No. 215) in opposition to the motion. The County does not object to bifurcation. **See** Filing No. 214.

Herron argues bifurcation will accomplish judicial efficiency and avoid unnecessary litigation and prejudice. **See** Filing No. 204 - Brief p. 2. Herron argues this court is best served by bifurcating Herron's individual capacity claims because if the jury does not find Herron individually liable, the court would not need to try the plaintiffs' claims against the County. *Id.* at 2-4. Additionally, Herron argues the claims against the County will likely take longer to litigate than the trial of the claims against Herron. *Id.* at 6-7. Specifically, the evidence regarding the County's policy necessary to establish the plaintiffs' ***Monell***

claims and the County's ***Faragher-Ellerth*** defenses will be substantially more complex than the litigation of the underlying harassment claims against Herron. *Id.* Lastly, Herron contends if the claims against him were tried concurrently with the claims against the County, evidence of Herron's relationships with other women will be presented, which is not relevant to plaintiffs' claims, inadmissible as improper character evidence, and highly prejudicial. *Id.* at 8-12.

The plaintiffs argue bifurcation is unnecessary because there is little additional evidence the plaintiffs would present against the County that would not also be presented against, and admissible against, Herron. See Filing No. 201 - Brief p. 4-5. The plaintiffs contend Herron misconstrues the evidence necessary to establish Herron sexually harassed the plaintiffs. *Id.* The plaintiffs argue if some of the evidence is inadmissible against Herron a limiting instruction to the jury could address such issues. *Id.* at 6. In the alternative, the plaintiffs argue if bifurcation occurs, the claims against the County must be tried to the same jury immediately after the conclusion of the trial against Herron. *Id.* at 7.

Federal Rule of Civil Procedure provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42. A party seeking severance has the burden to show that separate trials will (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party. *Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 362 (8th Cir. 2000). A court considers the preservation of constitutional rights, clarity, judicial economy, likelihood of inconsistent results and possibilities for confusion when determining whether to bifurcate claims. *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983).

The court finds in the interest of judicial economy, bifurcation is appropriate because litigation of the individual claims against Herron might eliminate the need to litigate the claims against the County. See *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999) (recognizing in a § 1983 claim, litigating individual liability first might eliminate the need to litigate the official liability claim). Additionally, in order to prove the plaintiffs' claims against the County, the plaintiffs will offer evidence proving the County's unconstitutional policy or custom caused the alleged sexual harassment. This evidence

may be unfairly prejudicial toward Herron and bifurcating Herron's individual capacity claims will avoid any unnecessary confusion or undue prejudice. Therefore, the plaintiff's claims against Herron in his individual capacity will be bifurcated and tried before the plaintiffs' claims against the County. If necessary, trials against the County will commence with the same jury immediately following the trials against Herron.

### D.    The plaintiffs' Motion to Consolidate.

The plaintiffs filed a Motion to Consolidate (Filing No. 205) cases 8:09CV201 and 8:09CV288. The plaintiffs filed a brief (Filing No. 205-1) in support of the motion. The defendants filed a brief (Filing No. 211) and an index of evidence (Filing No. 212) in opposition to the motion.

The plaintiffs argue these cases present common issues of law and fact regarding whether the County had a custom or policy of promoting, encouraging, or ignoring sexual harassment and whether Herron is individually liable for such harassment. **See** Filing No. 205-1 - Brief p. 2-3. The plaintiffs argue the same reasoning that permitted joinder of the plaintiffs in *Criss v. County of Dakota, Neb.*, No. 8:09cv387, 2010 WL 4628175, at *3-4 (D. Neb. Nov. 8, 2010) applies in these cases. *Id.* at 3. The plaintiffs argue despite their individual circumstances, the plaintiffs experienced similar treatment by Herron and the County. *Id.* at 4.

The defendants argue discovery has shown consolidation is unwarranted because these cases involve uniquely different facts, evidence, and proof. **See** Filing No. 211 - Response p. 2. The defendants argue the plaintiffs worked in two different environments and the plaintiffs have different witnesses. *Id.* at 10-11. Further, the defendants argue the plaintiffs will be subjected to different defenses. *Id.* at 13.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure § 2383 (2d ed. 1994)*. Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. ***United States***

6

*Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The "court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause . . . ." Wright & Miller, **supra**, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

     This court previously denied the plaintiffs' motion to consolidate several related cases. See Filing No. 38. The basis for denial was: "the plaintiff has failed to show consolidation is appropriate for the actions listed. Although the cases may present some common issues of law and fact, the cases remain at an early stage of litigation, involve diverse plaintiffs, different causes of action and, in some cases, different defendants." Although the parties and claims are similar, substantial discovery has shown consolidation is inappropriate. The plaintiffs worked during different time periods, under different supervisors, and left employment with the County under different circumstances. Additionally, in between the time Crutcher-Sanchez and Williams worked, the Dakota County Board formed the Board of Corrections, which controlled jail operations, utilized online sexual harassment training, and updated the Employee Handbook. Further, consolidation will not save time in these cases due to the different witnesses involved and different factual circumstances. Lastly, the plaintiffs' various evidence on their claims, if consolidated into one trial, would unfairly prejudice the defendants. Accordingly, consolidation will likely lead to inefficiency and inconvenience.

     Upon consideration,

**IT IS ORDERED:**

     1.    The defendants' Motion to Dismiss Rodney Herron in His Official Capacity and to Amend Case Caption (Filing No. 196 in Case 8:09CV201; Filing No. 197 in Case 8:09CV288) is granted.

     2.    The defendants' Objection to and Motion to Strike Plaintiff's Supplemental

Expert Designation (Filing No. 198 in Case 8:09CV201; Filing No. 199 in Case 8:09CV288) is overruled and denied. The defendants may re-depose Dr. Fitzgerald at the plaintiffs' expense.

      3.     Herron's Motion to Bifurcate (Filing No. 202 in Case 8:09CV201; Filing No. 203 in Case 8:09CV288) is granted. Jury trials against the County shall commence, if necessary, immediately after the trials against Herron with the same jury.

      4.     The plaintiffs' Motion to Consolidate (Filing No. 205 in Case 8:09CV201; Filing No. 211 in Case 8:09CV288) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 19th day of November, 2012.

                                              BY THE COURT:

                                              s/ Thomas D. Thalken
                                              United States Magistrate Judge