IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALANA CRUTCHER-SANCHEZ, f/k/a Alana Smith, | ) ) ) | |
| Plaintiff, | ) ) | 8:09CV288 |
| vs. | ) ) ) | |
| COUNTY OF DAKOTA, NEBRASKA, and RODNEY HERRON, in his individual capacity, | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on the defendant's Motion to Amend Protective Order (Filing No. 207). The defendant filed a brief (Filing No. 210) and index of evidence (Filing No. 209) in support of the motion. The plaintiff filed a brief (Filing No. 223) and index of evidence (Filing No. 223-1) in opposition. The defendant filed a reply (Filing No. 225).

## BACKGROUND

This case concerns the plaintiff's, Alana Crutcher-Sanchez (Crutcher-Sanchez), sexual harassment claims against the defendants, the County of Dakota, Nebraska (the County) and Rodney Herron (Herron), in violation of 42 U.S.C. § 1983. See Filing No. 45 - Second Amended Complaint. The plaintiff alleges the defendants discriminated against the plaintiff by establishing, maintaining, and enforcing policies which created or fostered a sexually hostile work environment. *Id.*

On January 24, 2007, the plaintiff gave an interview statement to the Spencer, Fane, Britt & Browne (Spencer Fane) law firm as part of the County's investigation into complaints of possible misconduct by the County's employees. See Filing No. 94-1 p. 39 - The County's Answer to Interrogatories. On August 24, 2009, the plaintiff filed the initial complaint against the defendants. See Filing No. 1 - Complaint. On September 29, 2010, the County received the plaintiff's requests for production. See Filing No. 83-16 - Plaintiff's First Set of Request for Production of Documents to Defendant County of Dakota,

Nebraska. The plaintiff specifically requested:

> Any and all reports, records, emails, text messages, instant messages, audio or video recordings, files, letters, photographs or photographic records memorandums, or any other documents or things, concerning any investigation made by the Defendants regarding the circumstances surrounding the Complaint filed against the Defendants and conclusions drawn therefrom. This requests includes, but is not limited to, any and all investigative materials created or generated by Spencer, Fane, Britt & Browne.

*Id.* ¶ 5. Included in the investigative materials were interview statements and a Spencer Fane report, which summarized Spencer Fane's investigation and provided conclusions about informal complaints made about the working environment of the correctional facility. **See** Filing No. 108 - Protective Order p. 8. In response, on October 8, 2010, defense counsel informed the plaintiff's counsel the requested investigative materials were subject to privileges. **See** Filing No. 209-2 - October 8, 2010, letter. In the October 8, 2010, letter, defense counsel offered to produce the plaintiff's interview statement but with the caveat that such disclosure would not be an implied or complete waiver of the privileges available with respect to the remainder of the investigative materials. *Id.* Defense counsel also indicated a protective order may be necessary. *Id.* In response, the plaintiff's counsel sent a letter on October 19, 2010, maintaining the position the plaintiff would not agree to a protective order that prohibits access to the Spencer Fane materials. **See** Filing No. 209-3 - October 19, 2010, letter.

On October 26 and 27, 2010, the defendants took the plaintiff's deposition. **See** Filing No. 210 - Brief p. 3. On October 28, 2010, the plaintiff's counsel reiterated a request for the plaintiff's interview statement. **See** Filing No. 209-6 - October 28, 2010, letter. On November 3, 2010, the defendants moved for a protective order because the parties could not reach an agreement on producing the interview statement and the issues of privileges. **See** Filing No. 82 - Motion for Protective Order. On February 10, 2011, the court entered the Protective Order classifying the plaintiff's interview statement as privileged material. **See** Filing No. 108 - Protective Order.

On February 17, 2011, defense counsel offered the plaintiff her interview statement under the condition the Protective Order remain in full effect as to all other protected material.  **See** Filing No. 209-7 - February 17, 2011, email.  The plaintiff's counsel declined the offer stating the Protective Order has rendered the plaintiff's statement irrelevant and inadmissible at trial.  *Id.* February 24, 2011, email.  However, on May 2, 2011, the plaintiff's counsel requested a copy of the plaintiff's statement.  **See** Filing No. 223-3 - May 2, 2011, email.  Defense counsel maintained the plaintiff's statement was protected and declined to produce the plaintiff's statement.  *Id.*

On October 30, 2012, defense counsel again offered the plaintiff her interview statement under the condition the Protective Order remain in effect with regard to all other privileged materials.  **See** Filing No. 209-8 - October 30, 2012, letter.  Defense counsel indicated the interview statement would be used for impeachment purposes.  *Id.*  The County did not receive a response from the plaintiff and filed the instant motion to modify the Protective Order.  **See** Filing No. 207.

## ANALYSIS

Under Federal Rule of Civil Procedure 26 the court may, for good cause shown, issue a protective order.  **See** Fed. R. Civ. P. 26(c).  Once a protective order is issued, a showing that intervening circumstances have obviated or eliminated any potential prejudice to the protected party must be made by the party attempting to amend or lift the protection initially granted.  **See** *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954 (8th Cir. 1979).  The attorney-client privilege and work-product doctrine protection may be waived.  **See** *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 732 (8th Cir. 2002); *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1055 (8th Cir. 2000); **see also** *United States v. Nobles*, 422 U.S. 225, 239 (1975).  "[P]rivilege[s] cannot at once be used as a shield and a sword."  *United States v. Workman*, 138 F.3d 1261, 1264 (8th Cir. 1998) (**citing** *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).  "A [party] may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."  *Bilzerian*, 926 F.2d at 1292.

The County argues the Protective Order should be amended to allow the County to produce the plaintiff's interview statement without waiving the County's privilege to the remaining material covered under the Protective Order.  **See** Filing No. 210 - Brief p. 7.  The County argues it has an absolute right to waive attorney-client and work-product privileges and limit the scope of such waiver.  *Id.* at 7.  The County argues the intervening preparation for trial has shown good cause exists to justify modification.  **See** Filing No. 225 - Reply p. 2.  Specifically, the County argues it discovered the plaintiff's deposition testimony about various factual events is inconsistent with her prior interview statement and the statement would rebut evidence the plaintiff is expected to present at trial.  **See** Filing No. 210 - Brief p. 5.  The County argues the impeachment purpose is limited and fairness does not require examination of any other protected communications involved in the Spencer Fane investigation.  *Id.* at 8.

The County also contends the plaintiff should not be permitted to abuse the Protective Order and privileges to prevent exposure of any untruthful testimony the plaintiff already offered at deposition or may offer at trial.  **See** Filing No. 210 - Brief p. 8.  The County argues there is no unfairness or undue prejudice to the plaintiff by not having her statement produced earlier because withholding the statement until after the deposition promotes truth-seeking.  *Id.*  The County argues courts have recognized the need to withhold prior statements of witnesses until after depositions to promote truth-seeking.  *Id.* at 8 (**citing** *Poppo v. AON Risk Services, Inc.*, No. 00 Civ. 4165, 2000 WL 1800746 (S.D.N.Y. Dec. 6, 2000); *Walls v. Int'l Paper Co.*, 192 F.R.D. 294 (D. Kan. 2000)).  The County also contends the plaintiff is not prejudiced by not having her interview statement sooner because she knew what was said in the interview.  *Id.* at 15.

The County argues there is a real danger that if the court does not amend the Protective Order to permit use of the statement for the proposed limited purposes, the plaintiff will view this as a license to prevaricate with impunity at trial.  **See** Filing No. 225 - Reply p. 3.  The County argues public policy dictates that such a result is unfair and highly prejudicial to the County, in addition to being detrimental to the integrity of the judicial process.  *Id.*  Lastly, the County argues producing the plaintiff's statement does not waive

4

the County's privilege to the remaining material under the Protective Order.  **See** Filing No. 210 - Brief p. 13-14.

The plaintiff argues the County has not shown good cause to amend the Protective Order.  **See** Filing No. 223 - Response p. 2.  The plaintiff argues no intervening events changed the nature or relevance of the plaintiff's statement to allow disclosure.  *Id.*  The plaintiff argues as of October 27, 2010, the County had the plaintiff's deposition and was aware of inconsistencies, if any, between her deposition testimony and her prior statement.  *Id.* at 3.  The plaintiff contends the defendants, prior to seeking a protective order on November 3, 2010, should have tailored relief to permit disclosure of the interview statement.  *Id.* at 3.  The plaintiff argues the County's justification to withhold production of the plaintiff's statement, to promote truth-seeking, while technically correct, only applies when the court determines a prior statement should be withheld.  *Id.* at 3, n. 3 (**citing** *Costa v. AFGO Mech. Services, Inc.*, 237 F.R.D. 21, 23 (E.D.N.Y. 2006)).

The plaintiff argues it would be highly unfair and improper for the County to assert privileges with respect to the witness statements that were gathered, and then be allowed to cherry-pick which of those statements it prefers to disclose.  *Id.* at 5-6.  The plaintiff argues the County is attempting to use the Protective Order and privileges as a "shield and sword."  *Id.*  Further, the plaintiff argues in the same way that the plaintiff's statement allegedly contains information the County intends to use for impeachment purposes, the other witness statements may contain information the plaintiff could use to bolster her claims or use for impeachment purposes if given the opportunity.  *Id.*

The plaintiff's deposition occurred on October 26 and 27, 2010.  Shortly thereafter, on November 3, 2010, the defendants moved for a protective order relating to the County's investigation of the matters underlying the plaintiff's claims.  The County should have been aware of any inconsistencies between the plaintiff's interview statement and deposition testimony at that time.  However, the County states they did not truly have an opportunity to evaluate and compare the plaintiff's statements due to impending discovery deadlines and the necessity to move for a protective order.  Now, the County is attempting to remedy its oversight and modify the terms of the Protective Order.  Although the County may have

sought to have a suitable provision permitting production of relevant parties' statements in the Protective Order, the County did not have a reasonable amount of time to review the plaintiff's deposition testimony and compare such testimony to the plaintiff's statement. Therefore, this oversight does not prohibit modification.

The County subsequently realized the plaintiff's statement conflicted with the plaintiff's deposition testimony. The County, on multiple occasions, sought to produce the interview statement under various conditions. Discovering inconsistencies between the plaintiff's statement and deposition testimony is a sufficient intervening circumstance to justify the Protective Order's modification. Additionally, the court has an interest in ensuring witnesses testify truthfully. Therefore, the court will allow the County to produce the plaintiff's interview statement and use the statement for the limited purpose of impeachment.

The court also considers whether the Protective Order's modification prejudices the plaintiff. The plaintiff surely was aware of what she said during her interview. Further, if the plaintiff is prejudiced by the statement's production, it begs the question why the plaintiff sought her statement as late as May 2011. If the plaintiff was not prejudiced in May 2011, the court is hard-pressed to find prejudice now after this case was stayed from September 21, 2011, to August 31, 2012. Additionally, the County is not using the privilege as a shield and sword as the plaintiff argues. The County is not selectively producing portions of the plaintiff's statement. Instead, the County will produce the plaintiff's full statement and use the statement for impeachment purposes only. Lastly, there is time for additional discovery, if necessary. Therefore, the court finds producing the plaintiff's statement does not prejudice the plaintiff.

Producing the plaintiff's statement does not waive the County's claim to privilege for the remaining materials under the Protective Order. The County has the right waive the asserted privileges. However, "[a] party may not insist on the protection of [a] privilege for damaging communications while disclosing other selected communications because they are self-serving." *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 461 (N.D. Cal. 1978) (limiting waiver to disclosed information only). Therefore, in the interest of fairness,

the County is permitted to disclose the plaintiff's interview statement if the County also produces Herron's May 4, 2007, statement. The County shall produce Herron's statement for the same purposes the County requires the plaintiff's statement, potential impeachment material. The County is permitted to redact references in Herron's statement concerning individuals not related to this matter. The other statements given to Spencer Fane investigators by individuals not involved in this matter are irrelevant and do not require production. Additionally, the County is not required to produce the Spencer Fane report because the report is intertwined with information regarding individuals not involved in this action and has additional work-product and attorney-client privilege concerns.

The court finds the County has met its burden to show the Protective Order should be amended. The County is permitted to produce the plaintiff's interview statement if the County also produces Herron's interview statement. The statements are to be used for the limited purpose of impeachment. Further, production of these statements does not constitute waiver of the County's claim of privilege for the remaining documents under the Protective Order.

**IT IS ORDERED:**

The County's Motion to Amend Protective Order (Filing No. 207) is granted as follows. The Protective Order is amended to allow the County to forthwith disclose the plaintiff's statement on the condition that the County similarly provide the plaintiff with Herron's statement. If the County discloses the statements, the parties are limited to using the statements for impeachment purposes only. Disclosure of the plaintiff's and Herron's statements does not constitute a waiver of the privileges otherwise existing with respect to the remaining documents under the Protective Order.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection

shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 21st day of November, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.